IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY THOMAS and KAREN JOHNSON, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | No. 3:12-cv-5014-M (BF) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSRPM TRUST 2006-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 and OCWEN LOAN SERVICING, LLC, | § § § § § § § § § § | |
| Defendants. | § § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for

GSRPM Trust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2, and Ocwen Loan

Servicing, LLC ("OLS") have filed a joint motion for summary judgment in this removed civil action

brought by Plaintiffs Randy Thomas and Karen Johnson arising out of foreclosure proceedings

initiated against certain real property located in Dallas County, Texas.  For the following reasons,

the District Court should grant Defendants' motion and dismiss with prejudice all of Plaintiffs'

claims and causes of action.

**Background**

Plaintiffs allege that they purchased a home in Rowlett, Texas (the "Property") on or about

October 1, 1998 using funds loaned to them by Americredit Corporation of California

("Americredit"). *See* Pl. First Am. Compl. at 1-2, ¶¶ 5, 6.  In connection with that transaction, Plaintiffs executed a Promissory Note (the "Note") in favor of Americredit and a Deed of Trust (the "Deed of Trust") securing payment of the Note.  Def. MSJ App. at 6-27.  Americredit contemporaneously assigned the Deed of Trust and Plaintiffs' Note to Green Tree Financial Servicing Corporation ("Green Tree"). *Id.* at 28-30.  On March 15, 2010, Green Tree executed a Transfer of Lien which purported to assign Plaintiffs' loan to Deutsche Bank, as Trustee for the Registered Holders of the GSRPM Trust 2006-2 Mortgage Pass-Through Certificates, Series 2006-2 (the "Trust"). *Id.* at 31.  Two years later, Deutsche Bank, in its capacity as Trustee for the Registered Holders of the Trust, executed a Transfer of Lien in favor of itself, as Trustee for the Trust. *Id.* at 32-33.  In October 2012, Deutsche Bank and OLS, as Deutsche Bank's loan servicer, initiated foreclosure proceedings against the Property. *See* Pl. First Am. Compl. at 3, ¶ 10.  Plaintiffs responded by filing the instant lawsuit seeking declaratory relief to prevent the foreclosure and to quiet title in the Property.

The gravamen of Plaintiffs' claims is that Defendants had no legal right to initiate foreclosure proceedings against the Property because the Trust never legitimately acquired Plaintiffs' Note or the Deed of Trust.  According to Plaintiffs, the Trust is an asset-backed trust created for the purpose of holding residential mortgage loans. *Id.* at 3-4, ¶ 11.  The loans in the Trust have been converted into mortgage-backed securities which are sold on the open market and regulated by the United States Securities and Exchange Commission. *Id.*  The Trust is governed by a Pooling and Servicing Agreement ("PSA") and New York law. *Id.* at 4, ¶ 11 & 5, ¶ 17.  The PSA establishes a "closing date" by which the Trust must acquire all its assets. *Id.* at 4, ¶ 13.  In this case, the "Series 2006-2" designation in the Trust's name indicates that the Trust was established in 2006, and thus the latest

2

possible closing date by which it could have acquired assets was March 31, 2007. *Id.*, ¶ 14. The

purported transfer of Plaintiffs' loan to the Trust occurred on March 15, 2010 -- almost three years

after the latest possible closing date permitted under the PSA. *Id.* at 5, ¶¶ 15-16. Plaintiffs contend

therefore that the 2010 assignment to Deutsche Bank was void because it violated the terms of the

PSA. *Id.* at 5, ¶ 18. In the absence of a valid assignment, Defendants allegedly lack authority to

declare a default, accelerate Plaintiffs' mortgage debt, appoint a substitute trustee, or attempt to

invoke the power of sale and conduct a foreclosure. *Id.*

By this lawsuit, Plaintiffs seek a declaration that Defendants lack any interest in the Note and

Deed of Trust and have no right to initiate foreclosure proceedings against the Property. *Id.* at 6-7,

¶¶ 22-29. Plaintiffs also assert claims for quiet title and trespass to try title on grounds that

Defendants' lien on the Property is invalid. *Id.* at 8, ¶¶ 31-32. Defendants now move for summary

judgment as to all of Plaintiffs' claims and causes of action on grounds that: (1) Plaintiffs lack

standing to enforce the terms of the PSA; (2) Deutsche Bank is the owner and holder of Plaintiffs'

Note; and (3) Plaintiffs cannot establish superior title to the Property. The issues have been fully

briefed, and the motion is ripe for determination.

### Legal Standards and Analysis

Summary judgment is proper when "there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law

determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the initial burden of showing the absence of a genuine

issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once

the movant meets its initial burden, the non-movant must show that summary judgment is not proper.

*See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  All evidence must be viewed in the light most favorable to the party opposing the motion.  *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

Judged against this standard, the Court has little difficulty concluding that Defendants are entitled to summary judgment on all of Plaintiffs' claims and causes of action because Deutsche Bank is the legal owner of the Note.  Defendants have submitted a true and correct copy of the original Note executed by Plaintiffs as evidence in support of their summary judgment motion.  *See* Def. MSJ App. at 22-27.  The Note reveals that it was indorsed by Americredit, the original lender, to Green Tree, and then by Green Tree in blank.  *Id*. at 26-27.  The affidavit of Sandra Lyew, a loan analyst employed by OLS's parent company, Ocwen Financial Corporation, plainly states that OLS has possession of the original Note as servicer for Deutsche Bank.  *Id.* at 4, ¶ 10.  Under Texas law, physical possession of a note that bears a blank indorsement establishes ownership and the right to collect.  *See* TEX. BUS. & COM. CODE §3.205(b) (Vernon 2002) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") & *id*. § 1.201(b)(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.").  Here, the evidence that OLS holds the Note indorsed in blank for Deutsche Bank establishes that Deutsche Bank is the legal owner of the Note and is entitled to collect on it.  *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331-32 (5th Cir. 2012); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 860 (N.D. Tex. 2013), *aff'd*, 2014 WL 1410324 (5th Cir. Apr. 14, 2014).  *See also Calderon v. Bank of Am. N.A.*, 941 F. Supp. 2d 753

(W.D. Tex. Apr. 23, 2013) (holding that servicer's production of indorsed-in-blank note on behalf of trustee for asset-backed securitized trust established trustee's ownership of note).  Further, under Texas law, the mortgage follows the note, so Deutsche Bank is also entitled to foreclose under the Deed of Trust.  *Kiggundu*, 469 F. App'x at 332; *Smith v. Wells Fargo Bank, N.A.*, No. 3:11-CV-1211-M-BD, 2012 WL 4168331, at *2 (N.D. Tex. Aug. 27, 2012), *rec. adopted*, 2012 WL 4195875 (N.D. Tex. Sep. 20, 2012).

Plaintiffs do not offer any evidence that controverts Defendants' showing that Deutsche Bank is the holder of the Note.  Their objection that Lyew's affidavit testimony lacks foundation because she is not directly employed by OLS, *see* Pl. Resp. Br. at 1-2 & 7-8, is without merit and is insufficient to raise a genuine fact issue.  Federal Rule of Civil Procedure 56 requires that summary judgment affidavits be based on personal knowledge.  *See* FED. R. CIV. P. 56(c)(4).  "An affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns."  *Kittler v. GMAC Mortg.*, No. H-12-0902, LLC, 2013 WL 3294036, at *4 (S.D. Tex. June 28, 2013) (quoting *Carson v. Perry*, 91 F.3d 138 (table), 1996 WL 400122, at *1 (5th Cir. 1996) (per curiam)); *see also DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (personal knowledge may be reasonably inferred from an affiant's position).  Ms. Lyew is a loan analyst employed by OLS's parent company.  Def. MSJ App. at 1, ¶ 2.  She personally reviewed OLS's files and records pertaining to Plaintiffs' mortgage loan, which OLS has serviced since 2005, including the original Note executed by Plaintiffs.  *Id.* at 1-2, ¶¶ 1-3 & 4, ¶¶ 10-12.  These facts establish that Lyew has the requisite personal knowledge to provide competent summary judgment evidence and authenticate the loan documents attached to her affidavit.  *See Kittler*, 2013 WL 3294036, at *4; *see also Cuevas*

*v. BAC Home Loans Servicing LP*, 648 F.3d 242, 250 (5th Cir. 2011) (citing with approval the affidavit of a corporate officer submitted in support of summary judgment stating that she was testifying from her personal knowledge of the defendant bank's structure, and her review of relevant business records).

Nor can Plaintiffs avoid summary judgment on grounds that the assignment of their mortgage loan to the Trust violated the terms of the PSA. Absent some evidence that they were parties to or intended third-party beneficiaries of the PSA, Plaintiffs lack standing to challenge the transfer of their loan in alleged violation of the terms of the PSA. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (under Texas law, mortgagor lacked standing to bring suit to enforce the terms of PSA that governed assignment of mortgagor's note securing deed of trust, absent evidence that he was an intended third-party beneficiary of the agreement); *Hull v. Ocwen Loan Servicing, LLC*, No. 3:12-CV-1098-M-BF, 2014 WL 684955, at * (N.D. Tex. Feb. 20, 2014) (same). And even if the assignment actually violated the terms of the PSA, such a violation would not render the assignment void. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

Finally, Plaintiffs' conclusional allegations and rank speculation that "there is no such entity as the alleged Trust," Pl. Resp. Br. at 7, fail to create a genuine fact issue for trial. *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."). Because all of Plaintiffs' claims are based on the erroneous legal assumption that Deutsche Bank lacks authority to enforce the Note and foreclose on the Property, Defendants are entitled to judgment as a matter of law. *See, e.g., Beck v. Bank of New York Mellon*, No. 3:12-CV-4784-M-BF, 2013 WL 5305873, at *5 (N.D. Tex. Sep. 19, 2013) (granting summary judgment in favor of bank and loan servicer where the crux of all of plaintiffs'

claims was that defendants lack standing to foreclose on the property because they were not the legal

owner or holder of the mortgage note); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-

M-BK, 2012 WL 555194, at \*3 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D.

Tex. Feb. 21, 2012) (dismissing claims for trespass to try title and to quiet title where sole basis for

claims was that mortgage servicer was not the holder of the note and, therefore, lacked authority to

foreclose on property).

## **RECOMMENDATION**

The District Court should GRANT Defendants' Motion for Summary Judgment (Doc. 22)

and DISMISS with prejudice all of Plaintiffs' claims and causes of action.

SO RECOMMENDED, June 2, 2014.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).